UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LEFEVRE,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC BELL DIRECTORY, et al.,<br><br>    Defendants. | Case No. 14-cv-03803-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Justin Lefevre brings a putative class action complaint against defendants Pacific Bell Directory et al. ("Pacific Bell") for failure to pay overtime compensation, failure to provide meal and rest periods, failure to furnish proper wage statement stubs, and violations of the Business and Professions Code and the Fair Labor Standards Act ("FLSA"). He alleges only conclusory facts, so I will VACATE the hearing set on November 12, 2014 and GRANT defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) with leave to amend within 20 days. I DENY defendants' request for judicial notice of an existing collective bargaining agreement ("CBA") because plaintiff disputes the validity of the CBA and does not rely on it in the FAC.

## BACKGROUND

I accept the factual allegations in the FAC as true for the purposes of this motion to dismiss. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Lefevre has worked for defendants as a Telephone Sales Representative/Advertising Account Representative ("Sales Representative") since June 16, 2008. FAC ¶¶ 3, 6 (Dkt. No. 15). This is a non-exempt position for the purposes of the claims in the FAC. FAC ¶ 20. Plaintiff alleges that although he and the other Sales Representatives "routinely" work over eight hours per day or 40 hours per week, defendants do not pay them appropriate overtime rates. *Id.* ¶ 21. He also

contends that he and the other Sales Representatives do not receive rest or meal breaks as required by law. *Id.* ¶ 24.

Plaintiff brought his original complaint in the Superior Court of California on July 16, 2014. Mot. at 3 (Dkt. No. 16). The case was removed to this court on August 21, 2014. *Id.* Plaintiff filed the FAC on September 18, 2014, and defendants now move to dismiss. *Id.* at 4.

## LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted where the pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). This rule requires "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and citations omitted). A pleading should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

When a court grants a motion to dismiss, it should typically grant leave to amend unless the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

### I.   JUDICIAL NOTICE OF THE CBA IS INAPPROPRIATE

Defendants assert that plaintiff is part of a bargaining unit that entered into at least one collective bargaining agreement with them on behalf of all Sales Representatives. Mot. at 7. It seeks judicial notice of the CBA that was in force at the time of the plaintiff's original complaint. *Id.* According to defendants, plaintiff's first cause of action for failure to pay overtime compensation under Section 510 of the California Labor Code fails because this section does not apply to employees "covered by a valid collective bargaining agreement." CAL. LAB. CODE. § 514 (West 2014); Mot. at 12. Plaintiff asserts that judicial notice of the CBA is premature, as it is

1  uncertain whether "the CBA is valid, how it operates, and if the factual calculations about it are
2  correct." Oppo. at 6-7 (Dkt. No. 17).
3        Courts typically do not take judicial notice of documents at the motion to dismiss stage
4  unless they are subject to notice under Federal Rule of Evidence 201(b),[1] the complaint relies upon
5  them or incorporates them by reference, or no party questions the authenticity of the documents.
6  *See,* e.g., *Hoko v. Transit Am. Servs.*, 14–CV–01327–LHK, 2014 WL 3963033, at *3-4 (N.D. Cal.
7  Aug. 13, 2014), *Love v. Permanente Med. Group*, No. 12–cv–05679–WHO, 2013 WL 6731463, at
8  *2 (N.D. Cal. Dec. 19, 2013). Defendants assert that the CBA is already part of the record and
9  that plaintiff's claims depend upon it. Reply at 3 (Dkt. No. 19). But the CBA was filed by the
10  defendants, and not the plaintiff. *See* Dkt. Nos. 1-6, 16-2. In addition, defendants fail to explain
11  how the claims in the FAC rely on the CBA since the FAC does not rely on or mention the CBA.
12  *See* FAC.
13        Defendants' argument that plaintiff does not dispute the authenticity of the CBA is also
14  misleading. *See* Reply at 3. Although plaintiff does not specifically take issue with the
15  authenticity of the CBA, he opposes judicial notice of the document and has expressed doubt as to
16  its validity. Oppo. at 6-7. Because plaintiff disputes the validity of the CBA and does not rely on
17  it in the FAC, judicial notice is not appropriate in resolving a motion to dismiss under Rule
18  12(b)(6). *See Sizemore v. Pac. Gas and Electr. Ret. Plan*, 939 F.Supp.2d 987, 989 (N.D. Cal.
19  2013) (denying request for judicial notice where complaint did not rely on collective bargaining
20  agreement).[2]

21  **II.   THE COMPLAINT IS TOO CONCLUSORY**
22        Defendants also attack the sufficiency of the pleadings in the FAC, arguing that each cause
23  of action fails to state a claim upon which relief can be granted. Mot. at 1-2. To survive a motion
24  to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of

---

[1] Neither party contends that judicial notice is appropriate pursuant to Federal Rule of Evidence 201(b).
[2] Defendants also argue that plaintiff's overtime claims should be stricken pursuant to FRCP 12(f). Mot. at 23. Because I do not take judicial notice of the CBA, this argument, as well as plaintiff's request for leave to include claims for violation of the CBA, is moot. *See* Oppo. at 8.

United States District Court
Northern District of California

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. At the same time, the nature of some claims calls for less fact-intensive pleadings. *See In re Clearly Canadian Sec. Litig.*, 875 F. Supp. 1410, 1414 (N. D. Cal. 1995). Ultimately, the question of sufficiency of the pleadings is a case-specific inquiry, regardless of the claims at issue. *Iqbal*, 556 U.S. at 663-64.

**A. First and Sixth Causes of Action: Failure to Pay Overtime Wages**

Plaintiff's first cause of action alleges that "Plaintiff and members of the California Class routinely worked in excess of 8 hours in a day and/or 40 hours in a week without receiving time and a half pay, and worked in excess of 12 hours in a day and on the seventh of seven consecutive day [sic] but were not paid for that work time at double time pay." FAC ¶ 43. The defendants "knowingly and willfully" did not pay these overtime wages. *Id.* ¶ 45. The sixth cause of action is substantially the same as the first, but brought under the FLSA instead of California law. *Id.* ¶ 72. *See Acho v. Cort*, No. C 09–00157 MHP, 2009 WL 3562472, at *3 n.3 (N.D. Cal. Oct. 27, 2009) (discussing facts necessary to plead California Labor Code and FLSA claims as "virtually identical").

As set forth in both parties' briefs, many courts have addressed the adequacy of pleadings of the FLSA and California Labor Code provisions at issue, with differing results. *Compare Washington v. Crab Addison, Inc.*, No. C 08–5551 PJH, 2010 WL 2528963, at *2-3 (N.D. Cal. June 18, 2010) (claim that the defendant "employed [plaintiff] for a specified period during which it routinely denied him the appropriate breaks and overtime compensation—does state a claim that, if true, entitles him to relief"), *with Schneider v. Space Systems/Loral, Inc.*, No. C 11–2489 MMC, 2012 WL 476495, at *2 (N.D. Cal. Feb. 14, 2012) (complaint insufficient when it alleged that "[c]lass members worked significant overtime; [class members] were subject to the Company's '10% casual overtime policy, which required [c]lass members to work a minimum of 10% of their total time as overtime hours, for which they were not paid; and [c]lass members worked overtime beyond the policy requirement.") (internal quotations and citations omitted).

The cases *Schneider v. Space Systems/Loral, Inc.* and *Khan v. K2 Pure Solutions, L.P.* provide some guidance on the appropriate level of specificity in pleading the causes of action at issue. In both cases, the court originally dismissed the complaint for failure to state a claim, but

4

denied a second motion to dismiss after the pleadings were amended to include more facts. In *Schneider*, the court found the amended pleading to be sufficient after it alleged "facts setting out the uncompensated hours [plaintiff] worked, or . . . facts otherwise demonstrating he actually worked overtime." 2012 WL 1980819, at * 2 (N.D. Cal. June 1, 2012). In *Khan*, after dismissing a complaint with similar wording to the FAC, this court found the pleadings sufficient where they alleged that "[plaintiff] consistently worked more than eight hours in a day, and more than forty hours in a week . . . [Plaintiff] worked on average between 9 and 10 hours per day and fifty plus hours in a week without compensation for overtime. [Defendants] required [plaintiff] to be available anytime that they required him, including during nights [,] weekends[,] and when he was on a lunch or break." Case No. 12–cv–05526–WHO, 2013 WL 6503345, at *7 (N.D. Cal. Dec. 4, 2013) (internal quotations and citations omitted). These cases show that while plaintiff need not include specific dates relating to the failure to pay overtime wages or provide information that would satisfy "the class certification of typicality," *see* Oppo. at 11, he "must indicate facts supporting" the elements of the claim. *Acho*, 2009 WL 3562472, at *2.

Here, plaintiff states only the bare elements of his claims for failure to pay overtime wages. He does not include any facts that support these elements or that go beyond "legal conclusions." *Iqbal*, 556 U.S. at 678. The FAC does not specify the time periods that plaintiff worked overtime, the company policy regarding overtime, or any concrete actions taken by the defendants. Instead, its language is similar to claims in other cases that courts dismissed under Rule 12(b)(6). *See*, e.g., *Schneider*, 2012 WL 476495, at *2; *Anderson v. Blockbuster*, No. 2:10–cv–00158–MCE–GGH, 2010 WL 1797249, at *2 (E.D. Cal. May 4, 2010); *Deleon v. Time Warner Cable LLC*, No. CV 09–2438 AG (RNBx), 2009 WL 9426145, at *3 (E.D. Cal. July 17, 2009). The first and sixth causes of action do not contain sufficient factual allegations under *Twombly* and *Iqbal*.

**B. Second and Third Causes of Action: Failure to Provide Meal and Rest Periods**

Similarly, plaintiff's claims for failure to provide meal and rest periods are devoid of any factual support. The second cause of action states that defendants "failed to provide Plaintiff and the California Class the meal periods required under California law, and therefore prevented Plaintiff and the California Class from taking at least a 30 minute uninterrupted meal periods [sic]

5

on several occasions during the class period." FAC ¶ 51. The third cause of action mirrors the second. FAC ¶ 55. Such statements are conclusory and do not indicate how the defendants prevented the meal and rest breaks, or even that plaintiff did not in fact take these breaks. *See*, e.g., *Schneider*, 2012 WL 476495, at *3; *Weigele v. FedEx Ground Package Sys., Inc.*, No. 06–CV–1330 JLS (POR), 2010 WL 4723673, at *4-5 (S.D. Cal. Nov. 15, 2010); *Deleon*, 2009 WL 9426145, at *3. The second and third causes of action fail to meet the requirements of Rule 12(b)(6).

**C. Third Cause of Action: Failure to Furnish Accurate Itemized Wage Statements**

The fourth cause of action states that "Defendants knowingly and intentionally failed to furnish and maintain for Plaintiff and the California Class the records required under California law. In particular, Defendants failed to provide an accurate amount of hours worked and wages earned." FAC ¶ 60. It also states that "[t]hese actions injured Plaintiff and the Class by, among others things, preventing the plaintiff and the California Class members from accurately determining the full and proper amount of wages owed to them." *Id.*

As in *Khan*, the FAC "is so devoid of facts that it even remains unclear whether [defendants] merely provided inaccurate statements or whether K2 provided no statements at all." *Khan*, 2013 WL 6503345, at *8; *see also Ovieda v. Sodexo Operations, LLC*, No. CV 12–1750–GHK (SSx), 2012 WL 1627237, at *2-4 (C.D. Cal. May 7, 2012). Again, plaintiff simply states the cause of action without furnishing any specific facts that would provide the defendants with fair notice of the grounds on which it rests. The third cause of action does not meet the standard of Rule 12(b)(6).

**D. Fifth cause of Action: Violations of the Business & Professions Code Section 17200 et.seq.**

The fifth cause of action in the FAC, unfair business practices under the Business and Professions Code, depends upon the prior four claims. *See* FAC ¶ 62. Because the defendant's motion to dismiss is granted with respect to those causes of action, I dismiss this derivative claim as well.

6

**CONCLUSION**

The FAC is DISMISSED with leave to amend. Plaintiff shall file a second amended complaint within 20 days of this order. Defendants' request for judicial notice of the CBA is DENIED.

**IT IS SO ORDERED**.

Dated: November 7, 2014

WILLIAM H. ORRICK
United States District Judge